UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Timothy Lynch and Edward Williams, as Trustees
of the Teamsters Local 1205 Welfare Fund,

              Plaintiffs,

  - against -

E&M Hardwood Flooring Corp. and Accent
Hardwood Flooring & Supply Corp.,

             Defendants.

----------------------------------------------------------------X

03-CV-4072
(ADS)(MLO)

## SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement ("Agreement") and Release between the Trustees of the Teamsters Local 1205 Welfare Fund (the "Fund"), and defendants E&M Hardwood Flooring Corp. f/k/a Giant Supply Corp. ("E&M"), and Accent Hardwood Flooring & Supply Corp. ("Accent") (collectively, the "defendants").

### W I T N E S S E T H

WHEREAS the Trustees commenced the above-captioned action against the defendants (the "Action"), to collect delinquent contributions owed to the Fund for the period of 1993 through 1995, as well as interest, liquidated damages, audit fees, and attorneys' fees and costs (the "Trustees' Claim"); and

WHEREAS the Parties wish to resolve this matter without incurring additional expense and litigation;

NOW, THEREFORE, in consideration of the mutual promises set forth herein, it is agreed by and among the Parties as follows:

1. In the interest of resolving this matter, the defendants agree to pay, and the Trustees agree to accept, $10,500 (the "Settlement Amount"), as payment in full for all monies and obligations owed relating to the Action.

2. The Settlement Amount shall be paid in three (3) installment payments (the "installment payments"). The first installment payment of $5,250 shall be paid within five (5) days of receipt of the fully executed agreement. The next two installment payments, each in the amount of $2,625, shall be paid within thirty and sixty days of receipt of the fully executed agreement respectively. Each check shall be made payable to the order of "Local 1205 Welfare Fund" and shall be delivered to the plaintiffs' counsel.

3. E&M agrees that its failure to tender any of the Installment Payments shall constitute default under this Agreement. If E&M fails to cure such default within five (5) day of written notice of such default, the installment payments shall be accelerated and the balance of the Settlement Amount shall be immediately paid to the Fund (the "Accelerated Amount").

4. E&M further agrees to pay any attorneys fees incurred by the Fund resulting from its default under this Agreement.

5. E&M's failure to cure the default and its failure to pay the Accelerated Amount, will result in an immediate application to the United States District Court, Eastern District of New York to enter Judgment against E&M in the amount of (1) the unpaid balance of the amounts due under this Agreement; plus (2) any accrued interest, (3) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20% of the unpaid

-2-

contributions, and (4) attorneys' fees and costs. The Trustees' failure to avail themselves of this remedy in the case of default hereunder shall not constitute a waiver of the Trustees' right to avail themselves of all remedies provided under the collective bargaining agreements or applicable trust agreements, in law and in equity.

6. The Court shall retain jurisdiction of this matter.

7. E&M further admits, accepts and voluntarily submits to the jurisdiction of the Court. This Agreement constitutes agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, and shall be enforceable in federal courts and shall be governed by, and construed in accordance with applicable federal laws.

8. This Agreement cannot be changed or terminated orally and shall inure to the benefit of and be binding upon their parties hereto and their respective successors and assigns.

9. E&M represents and agrees that service of process in any proceeding instituted pursuant to this Agreement may be made by certified mail return receipt requested, upon E&M, 390 Middle Country Road, P.O. Box 180, Middle Island, New York 11953.

10. E&M shall not assert any affirmative defense to payments due hereunder other than actual tender of payment.

11. The Parties shall sign a stipulation dismissing the Action and the Trustees shall discharge and release all claims, obligations and demands which they may have against the defendants, and any of the defendants' officers, directors, employees or agents arising out of this Action. The stipulation dismissing the Action is to be held in escrow by Robert Goldhaber, Esq. until defendants' payment of the Settlement Amount.

-3-

12. This Agreement contains the entire agreement and understanding between the Trustees and the defendants regarding the settlement of this Action. No representations, warranties, or promises other than those set forth in this Agreement have been made or relied upon by the Trustees and the defendants.

13. The Persons executing this Agreement acknowledge that they have authority to do so on behalf of the respective parties herein and that the appropriate corporate authorization has been obtained by the defendants.

14. This Agreement may be executed in counterparts, and each counterpart, when executed shall have the efficacy of a signed original.

LOCAL 1205 WELFARE FUND
By: _____
Title: Trustee
Date: 9/8/04
By: _____
Title: Trustee
Date: 9/9/04

E&M HARDWOOD FLOORING CORP.
By: _____
Title: _____
Date: 8/26/04

ACCENT HARDWOOD FLOORING AND SUPPLY CORP.
By: _____
Title: _____
Date: 8/26/04

59894

- 4 -